# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 14-20290 |
| QUADRICUS DEAN, | ) ) ) | |
| Defendant. | ) | |

## ORDER

Before the Court is the Magistrate Judge's May 22, 2015 Report and Recommendation (the "Report") recommending that the Court deny Defendant Quadricus Dean's ("Dean") Motion to Suppress. (Rep., ECF No. 49.) Dean objected to the Report on June 11, 2015. (Obj., ECF No. 53.) The United States of America (the "Government") has not responded and the time to do so has passed. For the following reasons, the Magistrate Judge's Report is ADOPTED, and the Motion to Suppress is DENIED.

## I. Background

On March 26, 2015, a hearing on Dean's Motion to Suppress was held before Magistrate Judge Tu M. Pham. (Minutes, ECF No. 37. See Mot., ECF No. 18.) The Magistrate Judge heard testimony from Memphis Police Department Officers Phillip Beasley ("Beasley") and Alfred Neely ("Neely"), as well as Dean's fiancé, Victoria Peeples ("Peeples"). (Rep. at 1-2; Tr., ECF

No. 44.) Also received into evidence was a copy of Dean's arrest ticket, an affidavit of complaint, and two map images showing the area where the traffic stop at issue occurred. (Rep. at 2.) The Magistrate Judge, "having carefully considered the testimony and evidence presented at the hearing, [found] the officers' testimony to be credible . . . and adopt[ed] their account of events as [his] findings of fact." (Id.)

The officers testified that, on August 31, 2013, they were traveling in separate patrol cars eastbound on Winchester Road in Memphis, Tennessee. (Id.) The officers were responding to an alarm call when a silver Chevrolet Impala merged into Beasley's lane. (Id.) Beasley slammed on his brakes to avoid colliding with the Impala. (Id. at 2-3.) The Impala quickly changed lanes without signaling, nearly colliding with another vehicle. (Id. at 3.) At that point, Beasley testified, the officers terminated their response to the alarm call and initiated a traffic stop of the Impala. (Id.)

The officers testified that Beasley approached the driver's side of the Impala while Neely approached the passenger's side. (Id.) Beasley testified that, after he asked the driver, later identified as Dean, for his driver's license and proof of insurance, Dean started trembling, seemed confused, and did not respond to the officer. (Id.) Neely testified that, while standing on the passenger's side of the Impala, he detected a

2

strong smell of raw marijuana coming from the vehicle.[1]  (Id.)
He testified that he could not recall whether the windows of the
car were up or down.  (Id.)  Beasley testified that he did not
smell marijuana because he had a sinus infection.  (Id. at 4
n.4.)  Neely signaled to Beasley, and Beasley ordered Dean to
exit the vehicle.  (Id. at 4)  Dean was handcuffed and placed in
the back of Beasley's patrol car.  (Id.)

Neely searched Dean's vehicle.  (Id.)  In the center
console armrest, which was closed, Neely found approximately one
gram of raw marijuana, sixteen grams of crack cocaine, and two
grams of powder cocaine in plastic bags.  (Id.)  Also found in
the center console were two digital scales, a spoon with cocaine
residue on it, and a black handgun loaded with seventeen rounds
of ammunition.  (Id.)  Dean's driver's license was found on the
floorboard behind the driver's seat.  (Id. at 5.)

Peeples testified that she saw Dean's vehicle merge onto
Winchester Road, but did not see his vehicle swerve or come into
close contact with any other vehicle.  (Id. at 3 n.3.)  The
Magistrate Judge "credit[ed] Officer Beasley's testimony over
Peeples's testimony.  The [Magistrate Judge's] determination
[was] based on the witnesses' demeanor as they testified,
Peeples's close personal relationship with Dean, and the fact

---

[1] Neely testified that he is familiar with the smell of marijuana based on his "previous experience with law enforcement and dealing with it," and that he had "arrested several involving intoxicant[s], [including] marijuana . . . ." (Id. at 4 n.4.)

3

that the officers were in the process of responding to an alarm call and terminated their response in order to stop Dean's vehicle." (Id.)

**II. Standard of Review**

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to Magistrate Judges. See United States v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)); see also Baker v. Peterson, 67 F. App'x 308, 310 (6th Cir. 2003). "A district judge must determine de novo any part of a Magistrate Judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). After reviewing the evidence, the Court is free to accept, reject, or modify the proposed findings or recommendations of the Magistrate Judge. 28 U.S.C. § 636(b)(1)(C). The district court is not required to review—under a de novo or any other standard—"any issue that is not the subject of an objection." Thomas v. Arn, 474 U.S. 140, 150 (1985). The district court should adopt the findings and rulings of the Magistrate Judge to which no specific objection is filed. Id. at 151.

**III. Analysis**

Dean objects to the Magistrate Judge's credibility determinations. (Obj. at 2.) He argues that, because Peeples

4

testified she did not see Dean commit the alleged traffic violations, and because the officers' story was not believable, the Magistrate erred in adopting the officers' account of events as his proposed findings of fact. (Id.)

Great deference must be given to the Magistrate Judge's determination of the credibility of witnesses. See United States v. Raddatz, 447 U.S. 667, 673-76 (1980). The Magistrate Judge, who "is in the better position to assess the credibility of witnesses he sees and hears" than this Court, found the officers' testimony credible. United States v. Robinson, 2007 WL 2138635 (E.D. Tenn. July 23, 2007). See also Raddatz, 447 U.S. at 673-76 (holding that, when reviewing a magistrate judge's credibility determinations on a motion to suppress, the court may accept or reject the magistrate judge's determinations and is not required to exercise its discretion to hold a hearing on contested issues of fact). Dean has offered no reasonable basis for this Court to disagree with the Magistrate Judge's factual findings. The Court accepts the Magistrate Judge's credibility determinations, and the proposed findings of fact are consistent with the testimony of the officers.

Dean does not object to the Magistrate Judge's legal conclusions.

**IV. Conclusion**

For the foregoing reasons, the Magistrate Judge's Report is ADOPTED, and the Motion to Suppress is DENIED.

So ordered this 29th day of June, 2015.

/s Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE